## Commonwealth v. Hall

*Wallace B. Eldridge, 3rd,* Deputy District Attorney, for Commonwealth.

*Clarence B. Turns,* for defendant.

DOWLING, J., September 27, 1972. Defendant's motion in arrest of judgment requires a decision as to whether a "resident" of Yoke Crest who absconds is guilty of prison breach.

The facts are not in dispute. Defendant was sentenced to serve two and a half to five years in the State Correctional Institution at Camp Hill following conviction on two counts of aggravated robbery. In late January of 1972, he was transferred from the White Hill Correctional Institution to Yoke Crest from whence he disappeared late in the evening of February 27, 1972. Yoke Crest is a home located in a residential neighborhood in the City of Harrisburg with no

guards, bars or locked doors so that a person can leave by simply walking out the door. The State Police were notified and a warrant issued and on March 7, 1972, defendant was apprehended by the Pennsylvania State Police.

He was indicted under section 309 of The Penal Code, 18 PS §4309, waived jury trial and was found guilty and thereupon filed the present motion in arrest of judgment. Section 309 of The Penal Code, as amended July 16, 1968, provides:

"Any person undergoing imprisonment, whether before or after conviction, who breaks prison or escapes . . . is guilty of prison breach, a felony . . ."

The word "imprisonment," as used in this section, means actual confinement in any penal or correctional institution, regional jail, forestry camp and other off institution grounds, facility or installation, established by law located in this Commonwealth, or any restraint by lawful authority pursuant to a commitment issued by an issuing authority, a court order or after conviction of any crime.

While Yoke Crest is styled "an alternate to prison," it is, in fact, a penal institution. The center receives inmates who, it is thought, will be receptive to or benefit from intensified therapy and counsel, under contract arrangements with the State Correctional Institution at Camp Hill. The facility provides food, clothing and other personal necessities for which it is reimbursed on a flat per diem basis by the State Correctional Institution. The men are considered a part of the Camp Hill population. Miss Ann Benion, President and Director of Yoke Crest, testified that the residents they have are carried on the count at Camp Hill and that a daily report is made of the number of men each day to the State Correctional Institution.

The definition of "imprisonment" as used in the

statute to include installations off the grounds of the institution makes it reasonably clear that defendant was still a prisoner and was still in custody during his period of confinement at Yoke Crest. There can be no question that defendant was properly charged with and convicted of escape.

Accordingly, we make the following

## ORDER

And now, September 27, 1972, defendant's motion in arrest of judgment is denied and the district attorney is directed to present defendant for sentence.